■ MARIANA MERIDA, Individually and as Administratrix of the Estate of ADOLPH MERIDA, Absentee, Respondent, v. 200 WEST 96TH STREET, INC., Appellant.— Order entered on December 16, 1965, denying defendant's motion for the entry of final judgment and granting plaintiff's motion to restore the case to the calendar unanimously reversed on the law, with $30 costs and disbursements to appellant, and defendant's motion granted and plaintiff's motion denied. This action was begun in 1948. In October, 1952, despite vigorous opposition on the part of the former plaintiff's attorneys, the case was assigned

for trial. It appears that plaintiff had disappeared. In the trial part a settlement was agreed upon, but it was stipulated that no payment was to be made unless a release and stipulation of discontinuance signed by the plaintiff personally were presented. The case was then marked off the calendar. In 1963 the present plaintiff obtained letters of administration for the injured person on the assumption that he was dead. She submitted a release signed by herself, which was rejected. She therefore moved for judgment on the stipulation, and defendant cross-moved to dismiss. Plaintiff's motion was granted. Upon appeal to this court the order was modified to deny plaintiff's motion on the ground that the condition of the stipulation was not complied with. The denial of defendant's motion was affirmed on the ground that defendant contended that the action had already been dismissed by virtue of rule 302 of the Rules of Civil Practice, so that there was no occasion for further action on the appeal (21 A D 2d 759). The Court of Appeals denied plaintiff's motion for leave to appeal (15 N Y 2d 1032). Plaintiff no longer seeks to enforce the stipulation but applies to try the original case. Assuming, without deciding, that a case in the status of this action is not subject to automatic dismissal, it was nevertheless incumbent on plaintiff to move to restore it to the calendar for trial. It is likewise unnecessary to decide whether the circumstances here excuse the extraordinary delay in so moving. An affidavit of merits is called for. Even where the delay is short, some showing of merits must be made (*Sortino* v. *Fisher,* 20 A D 2d 25, 32). Where it is great, as here, that affidavit must show that despite the lapse of time plaintiff will be able to prove a case. Here all that is presented is the attorney's affidavit that attests to nothing more than his confidence that he will be able to prove his case. On this ground alone plaintiff's motion should have been denied. Furthermore, the history of this litigation shows clearly that the action had long since been abandoned, and the present motion is a much belated effort to get back what has previously been forfeited. Regardless of whether defendant's contention as to prior dismissal should be recognized or not, the motion to dismiss should have been granted. As this is not a motion based on a failure to file a note of issue, CPLR 3216 has no application. Concur — Botein, P. J., Rabin, Stevens, Eager and Steuer, JJ.